215 N.J. Super. 293 (1986)
521 A.2d 1294
FRANK J. GUARINI, MEMBER OF THE HOUSE OF REPRESENTATIVES, GERALD MCCANN, MAYOR OF THE CITY OF JERSEY CITY, DR. IRWIN SILVERMAN, DR. LENA EDWARDS, JOHN M. STILES, NIDIA DAVILA COLON, HARRY BISHARIAN AND WALTER IRWIN, PLAINTIFFS-APPELLANTS, AND ROBERT J. DEL TUFO, REV. RAYMOND J. KUPKE AND DR. SANG JIN KIM, PLAINTIFFS,
v.
THE STATE OF NEW YORK AND THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 23, 1986.
Decided October 16, 1986.
Amended Opinion November 21, 1986.
Seymour Margulies argued the cause for appellants (Margulies, Margulies & Wind, attorneys; Seymour Margulies and Maurice C. Brigadier, of counsel; Clifford A. Herrington, on the brief).
Ellen Fried, Assistant Attorney General of the State of New York, argued the cause for respondent State of New York (Clemente, Strenk & Kierman, attorneys; Robert Abrams, Attorney General of the State of New York, of counsel; Judith T. Kramer, Ellen Fried and Jeffrey P. Clemente, on the brief).
Dorothy J. Donnelly, Deputy Attorney General, argued the cause for respondent The State of New Jersey (W. Cary Edwards, Attorney General of New Jersey, attorney; James J. Ciancia, Assistant Attorney General, of counsel; Dorothy J. Donnelly, on the brief).
Before Judges MICHELS, O'BRIEN and SKILLMAN.
PER CURIAM.
Plaintiffs Frank J. Guarini, a member of the House of Representatives, Gerald McCann, the Mayor of the City of Jersey *294 City, Dr. Irwin Silverman, Dr. Lena Edwards, John M. Stiles, Nidia Davila Colon, Harry Bisharian and Walter Irwin appeal from a judgment of the Chancery Division that dismissed their declaratory judgment action against defendants The State of New York and The State of New Jersey. Plaintiffs sought (1) a declaration that the 1834 compact between the States of New York and New Jersey, which established the boundaries between these two states and which was approved by Congress, did not confer jurisdiction or sovereignty over Ellis' Island and Bedloe's (now Liberty) Island to New York; (2) an injunction against New York from collecting or levying taxes on those islands or exercising sovereignty or jurisdiction including police power over or with respect to New York, and (3) the imposition of a constructive trust on past tax revenues collected on the islands by New York. The trial court dismissed the action generally on the following grounds: (1) the Superior Court of New Jersey lacked jurisdiction over the subject matter because the Supreme Court of the United States has original and exclusive jurisdiction over such boundary disputes and cases involving interpretation of interstate compacts establishing boundaries; (2) plaintiffs lacked the requisite standing to institute an action asserting rights or claims which are the prerogative of the sovereign states, (3) the action was barred by principles of comity and (4) the action was barred by sovereign immunity.
We are satisfied from our study of the record and the arguments presented that the trial court properly dismissed this action. We therefore affirm the judgment under review substantially for the reasons expressed by Judge Humphreys in his thorough and thoughtful oral opinion of March 18, 1986, as edited by his written opinion, dated March 18, 1986, reported in *295 Guarini v. The State of New York, 215 N.J. Super. 426 (Ch. Div. 1986).[1]
Affirmed.
NOTES
[1] Our affirmance of the judgment under review is without prejudice to the right of plaintiff Nidia Davila Colon to seek refund of the $1.35 sales tax paid to The State of New York or the City of New York, as the case may be, in connection with the purchase of items from the concession at Liberty Island in the appropriate New York court. This issue was not specifically raised before or decided by the trial court and counsel for the State of New York have recognized plaintiff-Colon's right as an individual to seek such refund. See Hill v. Joseph, 205 Misc. 441, 129 N.Y.S.2d 348 (Sup.Ct., Special Term 1954).